[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS SECOND COUNT OF COMPLAINT
Defendant, Board of Trustees, seeks to dismiss the second count of the complaint claiming that the court lacks subject matter jurisdiction.
The first count of the complaint alleges that defendant, William Sherman, while an employee of said Board of Trustees defamed the plaintiff. The second count of the complaint (against the Board of Trustees) alleges that defendant Sherman was an agent and/or servant of the Board and that he was acting in his capacity as employee of the Board when his defamatory words were spoken.
General Statutes 5-141d(a) provides: "The state shall save harmless and indemnify any state officer or employee, as defined in section 4-141, . . . from financial loss and expense arising out of any claim, demand, suit or judgment by reason of his alleged negligence or alleged deprivation of any person's CT Page 4348 civil rights or other act or omission resulting in damage or injury, if the officer, employee or member is found to have been acting in the discharge of his duties or within the scope of his employment and such act or omission is found not to have been wanton, reckless or malicious."
Plaintiff has alleged that Sherman was acting within the scope of his employment and although it would appear that his alleged defamation was wanton, reckless or malicious, that is only an allegation at this time. Sherman's alleged actions have not yet been found wanton, reckless or malicious. Subsection (b) of General Statutes 5-141d also provides that the Attorney General "shall provide for the defense of any such . . . employee" unless the attorney general deems such a defense to be inappropriate and so notifies the employee in writing.
The court holds that it does in fact have subject matter jurisdiction. Accordingly the motion to dismiss is denied.
Allen, J.